Lynn R. COX and Edda D. Cox,
Plaintiffs and Respondents,

v.

Merrill NEY, Defendant and Appellant.

No. 15360.

Supreme Court of Utah.

May 18, 1978.

Christensen, Taylor & Moody, Phillip V. Christensen, Provo, Jack McAllister, Mt. Pleasant, for defendant and appellant.

Louis G. Tervort, Manti, for plaintiffs and respondents.

ELLETT, Chief Justice:

This is a suit for specific performance based upon an option to purchase included in a lease given by the prior owner of the land to Phillips Petroleum Company.

The original lessors and owners of the property were Edgar E. Lasson and A. Reeve Norman, doing business as Lasson-Norman Oil Company, a partnership. The lease terms provided for a term of ten years with options to renew for three additional five-year terms, provided notice of intention to renew would be given in writing at least thirty days before the end of the lease term. The lease also provided that the lessee would have an option to purchase the property during the original term or any renewal term for the price of $19,800, provided that notice of intention to purchase be given in writing at least thirty days prior to the termination of the lease term.

The lease was not recorded but a "notice of lease" was duly recorded wherein it was stated:

This lease is subject to all the conditions, terms and provisions of lease agreement of even date between the parties hereto, which agreement is hereby adopted herein and made a part hereof by reference to the same full extent as if all the provisions thereof were copied in full therein.

The original lease was dated October 25, 1960, but was not to take effect until it was executed by the Division Manager of Phillips Petroleum Company. Under date of May 26, 1961, the lessee notified the lessors that the effective date of the lease would be May 15, 1961.

On October 25, 1960, the date of the original lease, Phillips Petroleum Company sub-leased back to Lasson-Norman, co-partners, and their wives, the identical real property covered by the original lease so that the lessees of the property became the lessors thereof and the owners of the realty became the sub-lessees. The terms of the sub-lease were essentially the same as were those of the original lease except that the option to purchase was not included therein.

On November 1, 1962, Lasson, Norman, and their wives assigned to Lynn R. Cox and Edda Cox, the sub-lease which they had received from Phillips Petroleum Company. On that same day, Lasson, Norman, and their wives sold the property covered by the lease to Lynn R. Cox and Edda Cox, his wife, and gave them a warranty deed without any reservations set forth therein.

This series of transactions then resulted in Mr. and Mrs. Cox becoming the owners of the land and the assignees of the original lease to Phillips Petroleum Company. The only outstanding claim which any other person could have to the property would be based on the possibility that the option to purchase by Phillips Petroleum Company was still valid since that company never gave it back to Lasson-Norman when it made the sub-lease contract with them.

On July 1, 1964, Mr. and Mrs. Cox sold the property to Merrill Ney and Shirley Angee Ney for the sum of $14,375.48 to be paid for according to the terms of the original lease, to wit: $219.98 per month with interest at six percent (6%) per annum. They conveyed the same to them by means of a warranty deed.

On March 10, 1976, Phillips Petroleum Company assigned all of its rights, liabilities, and duties under the original lease to Mr. and Mrs. Cox. On June 2nd following, Lynn Cox wrote to Merrill Ney to the effect that as assignee from Phillips Petroleum Company of the rights under the original lease, he was giving notice that he was exercising the option to purchase the property for the sum of $19,800.

Mr. Ney refused to recognize the attempted exercise of the option and this suit was commenced to compel specific performance on the part of Mr. Ney. At trial, the court granted the request for specific performance and ordered Mr. Ney to convey the land upon payment to him of the sum of $27,300. The finding of the trial judge was that a car wash had been installed on the property since the date of the original lease and that the value of the property was thereby enhanced in the amount of $7,500.

Mr. Ney has perfected this appeal wherein he sets forth various claims of error on the part of the trial court. We need consider only one of them.

Our statute [1] sets forth the form of a warranty deed and then states:

Such deed when executed as required by law shall have the effect of a conveyance in fee simple to the grantee, his heirs and assigns, of the premises therein named, together with all the appurtenances, rights and privileges thereunto belonging, with covenants from the grantor, his heirs and personal representatives, that he is lawfully seised of the premises; that he has good right to convey the same; that he guarantees the grantee, his heirs and assigns in the quiet possession thereof; that the premises are free from all encumbrances; and that the grantor, his heirs and personal representatives will forever warrant and defend the title thereof in the grantee, his heirs and assigns against all lawful claims whatsoever. Any exceptions to such covenants may be briefly inserted in such deed following the description of the land.

The Utah Code further provides:

If any person shall hereafter convey any real estate by conveyance purporting to convey the same in fee simple absolute, and shall not at the time of such conveyance have the legal estate in such real estate, but shall afterwards acquire the same, the legal estate subsequently acquired shall immediately pass to the grantee, his heirs, successors or assigns, and such conveyance shall be as valid as if such legal estate had been in the grantor at the time of the conveyance.[2]

It seems clear that if Phillips Petroleum Company had undertaken to enforce its option to buy the property, Mr. Cox would have been liable under his warranty in the deed given to Mr. Ney. It does not matter whether Mr. Ney knew or did not know

1. U.C.A., 1953, 57–1–12.

2. U.C.A., 1953, 57–1–10.

that Phillips Petroleum Company had a possible interest in the land, nor need we consider whether or not that possibility existed. The warranty deed given by Mr. Cox guaranteed the quiet possession of the property to Mr. Ney. By the provisions of the statute last above set forth, if and when Mr. Cox secured any interests in the property conveyed by his warranty deed which was outstanding at the time of the delivery of the deed, such interest would immediately pass to Mr. Ney, the grantee.

The judgment of the trial court is reversed and the appellant is awarded his costs.

CROCKETT, WILKINS, MAUGHAN and HALL, JJ., concur.